NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

ELTON JOE ROBERTS, *Appellant.*

No. 1 CA-CR 18-0076
FILED 11-15-2018

Appeal from the Superior Court in Mohave County
No. S8015CR201600962
The Honorable Billy K. Sipe, Jr., Judge *Pro Tempore*

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Joseph T. Maziarz
*Counsel for Appellee*

Mohave County Legal Advocate's Office, Kingman
By Jill L. Evans
*Counsel for Appellant*

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which Presiding Judge Jennifer M. Perkins and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1 Elton Joe Roberts ("Appellant") appeals his conviction and sentence for possession of a dangerous drug (methamphetamine), a class 4 felony, in violation of Arizona Revised Statutes ("A.R.S.") section 13-3407(A)(1). Appellant's counsel has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969), stating she has searched the record on appeal and has found no error or arguable question of law. Appellant's counsel therefore requests that we review the record for fundamental, reversible error. *See State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999). This court allowed Appellant to file a supplemental brief *in propria persona*, but Appellant has not done so.

¶2 We have appellate jurisdiction pursuant to the Arizona Constitution, Article 6, Section 9, and A.R.S. §§ 12-120.21(A)(1), 13-4031, and 13-4033(A). Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶3 We view the facts in the light most favorable to sustaining the verdict and resolve all reasonable inferences against Appellant. *See State v. Kiper*, 181 Ariz. 62, 64 (App. 1994).

¶4 The State charged Appellant by information with Count I, possession of dangerous drugs (methamphetamine); Count II, possession of drug paraphernalia; Counts III and IV, theft of a credit card; and Counts V and VI, theft. The State later filed an allegation of prior convictions. Before trial, the trial court dismissed Counts III and IV upon the State's motion. After jury selection at trial, the court granted Appellant's oral motion in limine to preclude the State from presenting in its case-in-chief that Appellant had marijuana in his pocket at the time of his arrest.

¶5 At trial, the State presented the following evidence: On September 20, 2013, Arizona Department of Public Safety Officers Kudler and Smith were travelling in a fully marked patrol vehicle on Route 66 in Mohave County when they passed a red Buick with a cracked windshield. The officers started to slow down, and the Buick slowed down as well, then pulled off onto the road's shoulder. The officers pulled onto the shoulder in front of the Buick, but the Buick then pulled back onto the road and passed them.

¶6 The officers activated their emergency lights and sirens, and Officer Smith observed the driver and sole occupant, later identified as Appellant, leaning over as if he was attempting to hide something under

the front seat. The Buick continued down the road before pulling into the parking area of a local business.

¶7        The officers checked the Buick's license plate, which came back as belonging to a 1993 Jeep four-door station wagon. Upon contacting Appellant, the officers determined he had an outstanding arrest warrant and a suspended driver's license, and they arrested him.

¶8        The officers then conducted an inventory search of the Buick. Under the front seat area, they found a black zipper case, which contained syringes, the bottom of an aluminum soda can with white residue and a small cotton swab the officers believed was for drug use, and a small plastic bag containing a white crystal substance that appeared—and was later determined—to be methamphetamine.[1] The officers briefly returned to their vehicle, and Appellant asked them if they were "finding lots of interesting things up there," and if the license plate belonged to the Buick or returned as stolen. Continuing their inventory search, the officers found several U.S. Savings Bonds, a checkbook, credit cards, and other financial documents—all in names other than Appellant's.

¶9        The officers advised Appellant of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436 (1966), and then questioned him. Appellant told the officers he had borrowed the Buick from "another person," and nothing in the vehicle belonged to him except a backpack that contained his wallet and cotton or alcohol swabs. He denied the zipper case was his, but also stated he knew it contained methamphetamine and not heroin.

¶10       Officer Smith contacted the owner of the Buick, Shay Gardner, who advised the officer that Appellant had stolen the Buick, but she had not submitted a stolen vehicle report because the Buick was registered in her deceased uncle's name. Officers also "made a connection at some point between those items [found in the Buick] and a burglary case that had happened earlier that year," in February 2013.

¶11       Defense counsel called Gardner as a witness at trial. Gardner testified that she received the Buick from her children's father's uncle, who gave it to her as she drove him to the hospital on the day he died. According to Gardner, a former friend named Blake Bloomberg—who she would

---

[1]       At trial, a criminalist testified she had tested the substance found in the small plastic bag. The substance tested positive for methamphetamine and weighed .18 grams, a usable amount. The criminalist did not test the white residue found on the aluminum can.

routinely accompany to victims' properties for the purpose of burglarizing those properties—had stolen the Buick from her; consequently, anything in that vehicle likely would have belonged to Bloomberg. Gardner denied telling law enforcement officers that Appellant had stolen her vehicle, although she also acknowledged she was Appellant's friend and would help him as necessary. Gardner admitted having at least three felony convictions and that she had a previous conviction for false reporting to a police officer.

¶12 B.S., another friend of Appellant's, testified that Appellant had called him for help after Appellant ran out of fuel while riding his motorcycle. When B.S. arrived with gasoline, Appellant was with Bloomberg, who was standing next to the Buick. Bloomberg asked to ride Appellant's motorcycle, and Appellant agreed to drive the Buick and meet Bloomberg at a local business. B.S. admitted he is a "[g]ood friend" of Appellant's and would help Appellant as needed.

¶13 Appellant testified that, on the day he was arrested, he ran out of fuel for his motorcycle. He called a couple of friends, including Bloomberg, who arrived first in the Buick. Bloomberg took Appellant to a gas station. After Appellant and Bloomberg returned to the motorcycle with a small amount of gasoline, B.S. showed up with more gasoline. Bloomberg then asked to take the motorcycle for a ride, and Appellant eventually agreed, taking the Buick and planning to meet Bloomberg at a destination down the road. However, before they could meet up again, Appellant was pulled over and arrested. Appellant denied bringing anything into the Buick and claimed he had seen Bloomberg with the black case containing the syringes before and believed the case belonged to Bloomberg. Appellant also denied asking the officers after his arrest if they were "finding all sorts of interesting things in there," and denied saying there was meth and not heroin in the bag. He testified he told the officers he did not know what the substance in the bag was, but that it probably had something to do with drugs, and he had only told the officers he had some marijuana in his pocket. Appellant also admitted to four prior felony convictions: two from Mohave County and two from Idaho.

¶14 The trial court granted Appellant's Rule 20 motion as to Count VI. The jury convicted Appellant as charged of Count I, but acquitted him of Counts II and V.

¶15 Before sentencing, the court found Appellant had two historical prior felony convictions from Mohave County and two additional prior felony convictions from Idaho. The court then sentenced Appellant

as a category three offender to a fully mitigated sentence of six years' incarceration in the Arizona Department of Corrections and credited him for fifty-four days' presentence incarceration. Appellant filed a timely notice of appeal.

## ANALYSIS

**¶16** We have reviewed the entire record for reversible error and find none. *See Leon*, 104 Ariz. at 300; *Clark*, 196 Ariz. at 537, ¶ 30. The evidence presented at trial was substantial and supports the verdict. Appellant was represented by counsel at all stages of the proceedings and was given the opportunity to speak at sentencing. The proceedings were conducted in compliance with his constitutional and statutory rights and the Arizona Rules of Criminal Procedure.

**¶17** After filing of this decision, defense counsel's obligations pertaining to Appellant's representation in this appeal have ended. Counsel need do no more than inform Appellant of the status of the appeal and of his future options, unless counsel's review reveals an issue appropriate for petition for review to the Arizona Supreme Court. *See State v. Shattuck*, 140 Ariz. 582, 584-85 (1984). Appellant has thirty days from the date of this decision to proceed, if he desires, with a *pro per* motion for reconsideration or petition for review.

## CONCLUSION

**¶18** Appellant's conviction and sentence are affirmed.



AMY M. WOOD • Clerk of the Court
FILED: AA